STATE OF MISSOURI *ex rel.* J. R. BETTIS, Respondent,
v. MISSOURI PACIFIC RAILWAY COMPANY,
Appellant.

St. Louis Court of Appeals, May 18, 1897.

Common Carrier, Liability of, for Refusal to Carry Bicycles as Ordinary Baggage. Bicycles are not personal or ordinary baggage within the meaning of the law, and a common carrier may refuse to receive or to carry them as such; and it may do so, irrespective of any question as to the right to so classify them, where they have not been placed in a condition of reasonable security for handling and transportation.

*Appeal from the St. Louis City Circuit Court.*—HON. THOMAS A. RUSSELL, Judge.

REVERSED.

*Martin L. Clardy* and *Henry G. Herbel* for appellant.

*Mandamus* will not lie in this case, because it does not appear that respondent has any legal right to the performance of the duty he seeks to impose upon

appellant, or that the law affords him no other adequate remedy for the enforcement of the right, and the performance, of the duty, which it is sought to compel. High's Extra. Legal Rem., sec. 10; *State ex. rel. v. Francis*, 95 Mo. 57; *State v. Buhler*, 90 *Id*. 570; *State ex rel. v. Marshall*, 82 *Id*. 488.

The writ will not lie, unless there is some element of a public nature in the duty which it is sought to compel the corporation to perform. *Vincent v. R'y*, 49 Ill. 33.

The writ ought not to be issued in any case if there is any controversy as to the existence of the facts upon which it is founded. If issued in such case, the right of trial by jury would be violated. *Hangen v. Water & Light Co.*, 28 Pac. Rep. (Ore.) 244. See, also, 2 Elliott on R. R.'s, secs. 637, 642.

It is for the jury to say, under instructions from the court, and subject to the right of the court to correct abuses, what articles are or are not personal baggage in a particular case. *R'y v. Ferguson*, 9 Am. and Eng. R. R. Cases, 395; *Oakes v. R. R.*, 47 *Id*. 437; *Hawkins v. Hoffman*, 6 Hill (N. Y.), 589; *R. R. v. Fraloff*, 100 U. S. 24; *R. R. v. Morrison*, 23 Am. and Eng. R. R. Cases, 481; Hutch. on Carr., sec. 679.

Bicycles are not baggage within the meaning of the law, and a common carrier can not be compelled to carry them without extra compensation. *Hawkins v. Hoffman, supra; Macrow v. R. R.*, Law Rep. 6 Q. B. 612; 38 Central Law Jour. 5; Elliott on R. R.'s, secs. 1646, 1647; *Whitmore v. Steamboat*, 20 Mo. 518; Angell on Carr. 116. See, also, *Hudston v. R'y*, Law Rep. 4 Q. B. 366.

*Rowell & Ferriss* and *J. H. Zumbalen* for respondent.

Where the charter of a corporation, or the general statute in force and applicable to the subject, imposes

a specific duty, either in terms or by a fair and reasonable construction, and there is no other specific or adequate remedy, the writ of *mandamus* will lie. 1 Redf. on R'y's, p. 697; Mor. on Corp., sec. 1132; *R. R. v. Hall*, 91 U. S. ——; *R. R. v. People*, 56 Ill. 365; *Atwater v. R. R.*, 48 N. J. L. 55; *Potwin Place v. R. R.*, 51 Kan. 609; *State v. R. R.*, 22 Neb. 313. See, also, *Webster v. Telephone Co.*, 17 Neb. 126; *Telegraph Co. v. Telephone Co.*, 61 Vt. 241; *Telegraph Co. v. Telephone Co.*, 22 Albany Law Jour. 363; *Telegraph Co. v. Telephone Co.*, 24 Am. Law Reg. 573; *Hangen v. Water Co.*, 21 Ore. 411; *Lanyon v. Waterworks*, 52 Mo. App. 312; *State v. R. R.*, 86 Mo. 13; *State v. Francis*, 95 *Id.* 44; *Rutledge v. School Board*, 131 *Id.* 505; Merrill on Mand., secs. 51, 53, 54; High, Extra. Rem., sec. 17; *Barnes v. Gottschalk*, 3 Mo. App. 111; *Babcock v. Goodrich*, 47 Cal. 508.

The question of baggage or not baggage is one purely of law, where the facts are undisputed. *Spooner v. R. R.*, 23 Mo. App. 409; Hutch. on Carr., sec. 688.

In consideration of the question whether, under the circumstances of this case, a bicycle is ordinary baggage, the origin of the custom of carrying baggage, by common carriers, without extra charge beyond the price required for the transportation of the passenger, should be borne in mind. *Macrow v. R. R.*, 6 Q. B. 612; 38 Central Law Jour. 5.

But for the statute, limiting the passenger's right to an amount of baggage not exceeding one hundred pounds in weight, the carrier would be obliged to carry for the price of the regular fare all the property a passenger might have, falling within the definition of ordinary baggage, without respect to its weight or amount. R. S. 1889, sec. 2673. What then is meant by ordinary baggage? See *Macrow v. R. R.*, *supra*; *R. R. v. Fraloff*, 100 U. S. 24; *Gleason v. Transporta-*

*tion Co.*, 32 Wis. 85; and Law Dict., title "Baggage;" 29 Central Law Jour. 206; *Spooner v. R'y*, 23 Mo. App. 403, 409; *Staub v. Kendrick*, 121 Ind. 228; *Van Horn v. Kermit*, 4 Smith (N. Y.), 453; *Davis v. R'y*, 10 How. Pr. 330; *Woods v. Devin*, 13 Ill. 746; *R. R. v. Morrison*, 34 Kan. 502; *Porter v. Hildebrand*, 14 Pa. St. 129; *Cadwallader v. R. R.*, 9 Lower Can. 169; *Harris v. R'y*, 54 London Law Times, Chicago Legal News, 378; *Mauritz v. R'y*, 21 Am. and Eng. R. R. Cases, 287; *Parmelee v. Fisher*, 22 Ill. 212; *Quimit v. Henshaw*, 35 Vt. 622; *R'y v. Hammond*, 33 Ind. 379; Bish. Noncontract Law, sec. 1156; Hutch. on Carr., secs. 679, 686.

BOND, J.—In April, 1896, the plaintiff purchased a ticket for transportation from Webster Groves to St. Louis, over defendant's railway, paying therefor the regular price of thirty cents. He exhibited this ticket to the station agent, [tendering at the same time an unboxed and unguarded bicycle, weighing thirty pounds, and demanded that the latter should be accepted as ordinary baggage and carried upon the same train upon which he took passage. This was refused by the agent in obedience to a rule adopted by defendant on December 1, 1895, fixing a special charge for the transportation over its railway of "bicycles, tricycles and baby carriages," and excluding all of these from the category of ordinary baggage. To test the validity of this rule, plaintiff sued out a writ of *mandamus* under the statutes prescribing the rates to be charged by railroads in this state for the carriage of persons with ordinary baggage not exceeding one hundred pounds and requiring the checking of such baggage. The petition for the writ describes the construction and weight of the bicycle, and avers that it is taken on trains by users for "recreation and locomotion" at the end of their journey; that it can be conveniently carried in a baggage car; alleges

that it is ordinary baggage, and that defendant's rule against carrying it as such is contrary to law. The return "admits that a bicycle ordinarily consists of a slender frame of steel tubing and two wheels, one behind the other, each wheel not ordinarily exceeding twenty-eight inches in diameter, and that such machines have a total length of about seventy inches, and weigh from twenty to thirty-five pounds, but denies that such a machine can be conveniently carried as baggage in a baggage car. On the contrary avers that an ordinary bicycle has a height of about thirty-eight inches, and that the width of the pedals is about twelve inches, and the width of the handle bar about eighteen inches; that a bicycle in a vehicle which has no base, except the hollow rubber tires, about two inches in width, which renders it impossible for it to stand upright in a perpendicular position without some support." The return further states that bicycles can not be safely carried, unless boxed or guarded, owing to their delicate mechanism and otherwise exposed condition. It alleges that they are not personal baggage and relies upon the legality of defendant's rule prescribing terms for their carriage. On the trial a peremptory writ was awarded, from which defendant has appealed.

The right to the carriage of his ordinary or personal baggage as a part of the consideration paid by a traveler for his own transportation, sprang originally from such concessions made by the carrier for the purpose of attracting travel over his line. Once established, the custom soon became universal and ripened into a right enforcible under the common law. In this and many other states it has received legislative sanction and definition. Under our statutes the charges of the carrier for transportation are fixed by law and are required to include

COMMON carrier, liability of for refusal to carry bicycles as ordinary baggage.

the carriage of one hundred pounds of "ordinary baggage" and its proper checking. R. S. 1889, secs. 2673–2606. To solve the question presented by this appeal, it is therefore necessary to determine what is meant by the term, "ordinary baggage," and whether the bicycle tendered the defendant belonged to this class. Ordinary baggage is made up of two elements. *First*, certain things which may become such; *second*, the bags, trunks, valises, satchels, packages or other receptacles in which these things are to be put before they can be deemed baggage. In other words, the bag or other receptacle *and* their contents are both necessary components of the legal idea conveyed by the term baggage. See Century Dictionary, definition of baggage. As to the things which may become baggage when properly contained, or as to what may be called the subjects of baggage, the definitions given in the decisions and by the text writers, though necessarily wanting in explicitness from the difficulty of enumerating all the articles which may become baggage, are yet full, comprehensive and in perfect accord in their statements of the rules of law. Probably the best definition is that of chief justice COCKBURN in *Macrow v. Great Western Railway*, 6 Q. B. (L. R.), *loc. cit.* 622. It is said in that case: "We hold the true rule to be, that whatever the passenger takes with him for his personal use or convenience, according to the habits of the particular class to which he belongs, either with reference to the immediate necessities or the ultimate purpose of the journey, must be considered as personal luggage." Affirmed in *Railroad v. Fraloff*, 110 U. S. 24. All other things can only be taken as baggage when accepted as such by the carrier. 4 Elliott on Railroads, secs. 1646–1649; Hutchinson on Carriers, sec. 685; *Hudston v. Railway*, 4 Q. B. L. R. 366;

*Whitmore v. Steamboat Caroline*, 20 Mo. *loc. cit.* 518; *Spooner v. Railway*, 23 Mo. App. 403.

Under these rules of law can it be said that plaintiff's bicycle should have been accepted by the defendant as ordinary baggage in the state and condition in which it was tendered? Bicycles were invented as early as 1819. 3 Encyclopedia of Britannica, p. 575; Century Dictionary, definition and cut of velocipede. The form in which they were first made resembles their general appearance to-day, the material difference being in the manner of propulsion. At first they were driven by striking the feet of the rider against the ground. Now they are propelled by the action of the feet of the rider upon pedals attached to a crank over which a chain runs connecting the rear wheel. In 1869 the present principle of locomotion was adopted. At that time the relative size of the two wheels was changed, so that one was many times larger than the other. Now, however, the change in the size of the wheels has been abandoned and the original equality in that respect restored. When first used they were termed velocipedes. Shortly afterward the term bicycle was universally adopted. Both terms are treated as convertible by the lexicographers and are defined as "a light vehicle or carriage." Century Dictionary, Worcester's Dictionary (Supplement), Webster's International Dictionary, definitions of velocipede and bicycle. So in cases involving the use of streets, the payment of tolls, and liability for negligence, bicycles are uniformly held to be vehicles or carriages. *Mercer v. Corbin*, 3 L. R. A. (Ind.) 221; *Thompson v. Dodge*, 28 L. R. A. (Minn.) p. 608; *Geiger v. Turnpike Road*, 28 L. R. A. (Pa.) 458; *Com. v. Forrest*, 29 L. R. A. (Pa.) 365; *Twilley v. Perkins*, 19 L. R. A. (Md.) p. 632, and notes. This consensus of authority establishes that the locomotive machine known as a bicycle belongs to

the genus vehicle or carriage. Taking plaintiff's as a type of the bicycle of to-day (and leaving out of view for the moment the fact that it was unpacked and unprotected when tendered to defendant), was it a thing comprehended within the definition of personal or ordinary baggage? Of course, it had no utility during the trip. It is claimed, however, that it was convenient and useful at the end of the journey as a method of further locomotion. Conceding this to be true, can not the same be said, and with equal truth, of every other form of a vehicle or carriage which the traveler might be able to own. Some of these, as the two wheel skeleton cart used in training horses, fall within the statutory limit of one hundred pounds as to weight, and so indeed might the light single seated buggy often observed on the streets. All of these vehicles would doubtless contribute as much to the convenience and pleasure of the particular class using them at the end of a journey as bicycles would to their owners. But we have not been cited to any authority from any source holding that a carrier must receive as ordinary baggage a vehicle or carriage, however variant its form. It is clear, therefore, that other things than mere utility or convenience at the end of the journey must concur before we are justified in holding a thing, having such use only, an article of personal baggage. But it may be argued that the lesser size of the bicycle than other forms of the genus vehicle to which it belongs suffices to distinguish it from the general class and bring it within the meaning of ordinary baggage. The fault of this reasoning is that it overlooks the fact that bicycles, though lighter and smaller than other vehicles, are so delicately constructed, in the effort to secure the greatest strength compatible to the lightest weight, that their handling necessarily requires the greatest care and skill, as well as ample space to pre-

vent injury by external contact. In view of these considerations the argument based on a difference in size between bicycles and other vehicles loses its force. Our opinion is, that from their nature, structure, and classification, bicycles belong to those things which are properly the subjects of freight contracts, and are not embraced in the class of things denoted by the words personal or ordinary baggage. They have been in much use both here and in England for some years. We have been wholly unable to find any precedent for a different conclusion. As a matter of general learning we do know that bills have been introduced in the legislative bodies of the different states to make it the duty of carriers to transport them as ordinary or personal baggage. This demonstrates that, in the judgment of the profession at large, they have no right to be so considered, in the absence of an express statute. While the terms in question are flexible and may include the new uses, falling within the legitimate scope of their meaning, which arise in the growth of society, we are not warranted in giving them a new meaning so as to cover different subjects not within the principle upon which they are founded. To do this would be judicial legislation.

Another view of this case presents an insurmountable obstacle to the relief asked. The bicycle was neither boxed, packed, nor guarded in any way when plaintiff demanded its reception as baggage. The law does not recognize as baggage the things contained, as discerpted from the bag, box, trunk, boxing case or receptacle which contains them; nor is any duty cast upon the carrier to receive personal baggage until it has been placed in a condition of reasonable security for handling and transportation. Under the facts shown in this record the defendant had the absolute right to refuse to accept the bicycle tendered as per-

sonal baggage (irrespective of any question as to its right to be so classed), on the ground that it was not deliverable to him as such until it had been properly packed, crated, or otherwise protected, from the perils of handling and transportation. The result is that the judgment of the trial court in awarding a peremptory writ of *mandamus* was erroneous. It will therefore be reversed. All concur.