LAURANIA RICHARDSON vs. INHABITANTS OF DANVERS.

Essex.    March 7, 1900. — June 21, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, & LATHROP, JJ.

*Personal ·Injuries — Bicycle — Highway.*

A bicycle is not a carriage within the meaning of that term in the Pub. Sts. c. 52, § 1.

TORT, for personal injuries occasioned to the plaintiff while riding on Maple Street, a highway in the defendant town.  Trial in the Superior Court, before *Richardson*, J., who refused to rule, as requested by the defendant, that a bicycle was not a carriage within the meaning of that term in the Pub. Sts. c. 52, § 1; and the defendant excepted.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*D. N. Crowley*, for the defendant.

*H. P. Moulton*, for the plaintiff.

LATHROP, J.   The plaintiff, while riding a bicycle on a highway which the defendant was bound to keep in repair, encountered a depression in the way, and fell from her wheel and was injured.   The jury returned a verdict in her favor, and the case comes before us on several exceptions to the exclusion of evidence, and to the refusal of the court to rule that a bicycle is not a carriage within the meaning of the Pub. Sts. c. 52, § 1.

The statute in question provides that highways and other ways named shall be kept in repair, at the expense of the town, city, or place where they are situated, " so that the same may be reasonably safe and convenient for travellers, with their horses, teams, and carriages at all seasons of the year."   This statute was enacted in 1786, and has been in force ever since.   St. 1786, c. 81, § 1.   Rev. Sts. c. 25, § 1.   Gen. Sts. c. 44, § 1.   St. 1877, c. 234.

The question then is whether a bicycle is a carriage within the meaning of this term in the statute.

We have no doubt that for many purposes a bicycle may be

considered a vehicle or a carriage. It may be lawfully used on the highway, and is subject to the law of the road. *State* v. *Collins,* 16 R. I. 371. *Myers* v. *Hinds,* 110 Mich. 300. *Taylor* v. *Union Traction Co.* 184 Penn. St. 465. *Thompson* v. *Dodge,* 58 Minn. 555. So, under a law prohibiting a person from riding or driving any sort of carriage furiously. *Taylor* v. *Goodwin,* 4 Q. B. D. 228. So, under laws or ordinances prohibiting driving on the sidewalk. *Regina* v. *Justin,* 24 Ont. 327. *Mercer* v. *Corbin,* 117 Ind. 450. *Commonwealth* .v. *Forrest,* 170 Penn. St. 40. Under a law permitting the collection of tolls on a turnpike a bicycle was held to be a carriage. *Geiger* v. *Perkiomen & Reading Turnpike Road,* 167 Penn. St. 582. The opposite was held in *Williams* v. *Ellis,* 5 Q. B. D. 175, and in *Murfin* v. *Detroit & Erin Plank-Road Co.* 113 Mich. 675. And. in Scotland, in an action on a policy of insurance, it was held that a person riding a bicycle was not " ' travelling as an ordinary passenger' in a vehicle." *M'Millan* v. *Sun Life Assurance Co.* 4 Scots L. T. 98.

The statute in question was passed long before bicycles were invented, but, although of course it is not to be confined to the same kind of vehicles then in use, we are of opinion that it should be confined to vehicles *ejusdem generis,* and that it does not extend to bicycles. This view is favored by the provision in the Pub. Sts. c. 52, § 18, which provides that no damage shall be recovered " by any person whose carriage and the load thereon shall exceed the weight of six tons." The words last quoted were first added by the St. of 1838, c. 104. It seems to us that the Legislature by the use of the word " carriage " had in view a vehicle which could carry passengers or inanimate matter, not to exceed with its load more than six tons.

As was said in *State* v. *Missouri Pacific Railway,* 71 Mo. App. 385, 393, " While the terms in question are flexible and may include the new uses, falling within the legitimate scope of their meaning, which arise in the growth of society, we are not warranted in giving them a new meaning so as to cover different subjects not within the principle upon which they are founded. To do this would be judicial legislation."

A bicycle is more properly a machine than a carriage; and so it is defined in Murray's dictionary. It is also so considered in the St. of 1894, c. 479, which is an act to regulate the use of bicycles

and similar vehicles, and in the amendatory act of 1898. St. 1898, c. 121. In each of these acts it is called a machine.

A bicycle is of but little use in wet weather or on frozen ground. Its great value consists in the pneumatic tire; but this is easily punctured, and no one who uses a wheel thinks of taking a ride of any distance without having his kit of tools with him. A hard rut, a sharp stone, a bit of coal or glass, or a tack in the road may cause the tire to be punctured, and this may cause the rider to fall and sustain an injury. It may impose an intolerable burden upon towns to hold them bound to keep their roads in such a state of repair and smoothness that a bicycle could go over them with assured safety.

It is because ordinary roads are not considered suitable for bicycles that cities and towns are given the power by the St. of 1898, c. 351, to lay out, construct, and maintain paths for bicycles. And the St. of 1899, c. 474, makes it a misdemeanor to trespass upon a cycle path by driving thereon with a horse or other animal, except to cross the same.

We are, therefore, of opinion that a bicycle is not a carriage within the meaning of that term in the Pub. Sts. c. 52, § 1. This view of the case renders it unnecessary to consider the other exceptions.          *Exceptions sustained.*