WILLIS H. KENNY *vs.* INHABITANTS· OF IPSWICH.

Essex.    November 8, 1900. — April 2, 1901.

Present: HOLMES, C. J., KNOWLTON, LATHROP, BARKER, & HAMMOND, JJ.

Exceptions will not be disallowed or dismissed on the ground that the request for a ruling refused by the presiding judge was not shown to the counsel on the other side and that it was not known to him that the ruling was asked for or an exception to the refusal to give it taken, he all the time being present in court. *Semble,* however, that the general practice, that each party to a case should know what requests are made by the other party and should have an opportunity to be heard thereon if he so desires, is founded in justice and should be followed as the proper course.

Whether and to what extent a highway must be made safe and convenient for persons riding on bicycles, *quære.*

*Semble,* that in an action against a town for an injury suffered from an alleged defect in a highway, the facts, if proved, that the plaintiff was riding a bicycle in the dark without a lamp outside the travelled part of the highway would warrant a jury in finding that he was not in the exercise of due care.

In an action for personal injuries, where the question of the due care of the plaintiff is in issue, the presiding judge properly may refuse a request which singles out certain circumstances and asks the judge to rule upon their effect on the question of the due care of the plaintiff, apart from other circumstances bearing upon the same issue, although the ruling requested may be correct as an abstract proposition ; and such refusal especially is justified when the request is made after the judge's charge.

TORT for personal injuries alleged to have been caused by a defect in a highway of the defendant while the plaintiff was riding a bicycle thereon. Writ dated October 21, 1898.

At the trial in the Superior Court, before *Bell,* J., it was admitted that the town was bound to keep in repair the road on which the plaintiff was riding. Due notice of the time and

place and cause of the accident was given the defendant. The evidence of the plaintiff tended to show the existence of a gully, beginning in the travelled part of the highway near the centre and extending to a concrete gutter on the right-hand side of the way as the plaintiff was travelling; that this gully was caused by the flow of surface water after a rain; that the way was wrought to the edge of the gutter, and that this was the place and the occasion of the accident. The plaintiff and a companion were riding their bicycles from Ipswich toward Danvers when the accident occurred at the foot of a hill.

The presiding judge, in the course of his charge, instructed the jury as follows : " There is another element of chance then comes in, — was the plaintiff in the exercise of due care? Due care means such care as an ordinarily reasonable man would exercise under the same circumstances, and if he was using that care, then, so far as that point is concerned, he would be entitled to recover. The circumstances are these : Of course he was riding a bicycle; he was riding somewhere in the neighborhood of eight o'clock in the. evening; he was riding down this hill, and upon this place upon which you find upon the evidence he was riding, and he was riding at the speed which the evidence justifies you in finding. He says he was riding seven miles an hour, and his friend says seven or eight miles an hour, and it is argued by the defendant that he must have been riding at a higher rate of speed, but you will say, if he was riding at such a rate of speed as a reasonable man would ride under the circumstances as you find them to be, he can recover; if he was not, he cannot recover; because then his own negligence contributed to the accident." The judge fully charged the jury upon other questions arising in the case in terms to which no exception was taken.

At the conclusion of the charge, the defendant requested the judge to give the following instruction which was the only instruction requested :

" If the jury find that at the time of the accident the plaintiff was riding a bicycle in the dark, without a lamp, outside the travelled part of the highway, such facts will warrant the jury in determining that the plaintiff was not in the exercise of due care."

This request was refused. The plaintiff's counsel was present in court, but the request was not shown to him, and he was not aware that the instruction was asked for or that an exception was taken to its refusal. The jury found for the plaintiff; and the defendant alleged exceptions.

The counsel for the plaintiff filed and was heard upon the following motion:

"Now comes the plaintiff in the above entitled action and moves that the defendant's exceptions be disallowed and dismissed for the following reasons. First. Because the defendant's counsel did not notify the plaintiff's counsel that he intended to make any request for a ruling or instruction at that time or at any time. Second. Because he did not exhibit or make known to the plaintiff's counsel the ruling requested of the court at the time of said request or at any time before the case was given to the jury. Third. Because the plaintiff's counsel was not notified by the defendant's counsel that any request had been made or refused or any exception had been taken to a refusal to instruct the jury as requested by the defendant, until after the verdict. Fourth. Because the plaintiff's counsel was in no wise made aware of the request for a ruling made by the defendant of the ruling requested or the refusal to rule by the court or of any exception taken by the plaintiff to such refusal to rule as requested, either by the defendant's counsel or by the court, although the plaintiff's counsel was in his place at the time of said request. Fifth. Because said request was made of the presiding justice by the defendant's counsel, at the judge's bench as the jury was about to take the case, in a low tone of voice that could not be heard by the plaintiff's counsel."

The judge denied the motion and allowed the defendant's exceptions.

*A. P. White,* (*G. H. W. Hayes* with him,) for the defendant.

*D. N. Crowley,* for the plaintiff.

HAMMOND, J. This is an action of tort to recover for injuries alleged to have been occasioned to the plaintiff by reason of a defect in a highway which the defendant was bound to keep in repair. At the time of the accident the plaintiff was riding upon a bicycle and was thrown from it by its contact

with a gully in the way. At the close of the charge the defendant presented a certain request for a ruling, which request was refused by the court and the defendant excepted. The plaintiff's counsel was present in court, but the request was not shown to him and he was not aware that the instruction was asked or that an exception was taken to the refusal of the court to give it. Afterwards the plaintiff moved in writing that the defendant's exceptions be " disallowed and dismissed " for reasons set forth in the motion. This motion was denied and the plaintiff appealed. It does not appear except as above stated whether the motion was denied because the court did not find the facts as set forth in the motion, or because the court ruled that the facts set forth did not require, as matter of law, that the exceptions should be disallowed; and therefore in considering the appeal we can only consider whether the facts set forth in the record, namely, that the request was not shown to the counsel for the plaintiff, and it was not known by him that the instruction was asked for and an exception was taken, he all the time being present in court, require that the exceptions should be " disallowed or dismissed."

.Pub. Sts. c. 153, § 8, provides that " in all cases civil or criminal, . . . a party aggrieved by an opinion, ruling, direction, or judgment of the court in matters of law may allege exceptions thereto, and shall not be required in a jury trial to allege the same in writing before the jury retires to consider the cause." Subsequent sections of the same chapter provide for the taking, filing and allowance of exceptions, but nothing material to the point now under consideration; and the same remark may be made of the rules of the Superior Court. See Superior Court Rules, 47, 48.

In the trial of a case, especially before a jury, it frequently happens that a party will prefer that a ruling unfavorable to him, requested by the other party, should be given even although he believes it to be an inaccurate statement of the law. He may feel confident of a verdict in his favor, even if the ruling unfavorable to him be given, or he may prefer at any rate to take his chances of a verdict against him rather than to be delayed, in reaping the fruits of a verdict should it be in his favor, by exceptions taken by the other side to the refusal of the court

to give the ruling requested; or more frequently he may be anxious to be heard upon any ruling requested so as to be sure that so far as in him lies the court shall state the law fairly so far as respects his interest. For these and other reasons it is reasonable and proper that each party to a case shall know what requests for rulings are made by the other party, and shall have an opportunity to be heard thereon if he so desires. But the practice has not always been strictly followed. Sometimes the request is of such a nature that the court is justified in assuming that the other side will object to the ruling requested. Sometimes, when the request is presented at the end of the charge, there is considerable noise and confusion attendant upon getting the papers together for the jury and in sending out the jury, so that even where all the counsel are in the court room one may fail to hear what the other says to the court, or all which is said by the court; and thus it may happen that requests are refused and exceptions taken by one party without the knowledge of the other although the court thinks and is justified in thinking that all the proceedings are known to both.

In actual practice it would be extremely inconvenient to make the allowance of an exception to the refusal to give a ruling requested depend in any degree upon the ability of the excepting party to prove that his adversary knew of the request and of the refusal to give it. It is only in comparatively rare cases that each party does not know what exceptions are taken in the case. Practically, counsel will find no difficulty in ascertaining before the retirement of the jury what exceptions have been taken and what is their general nature. For these and other obvious reasons, we cannot say that upon the facts stated in the record there was error of law in denying the plaintiff's motion. At the same time we think that the general practice is founded in justice, and should be followed as the proper course.

The exception taken by the defendant was to the refusal of the court to rule that "If the jury find that at the time of the accident the plaintiff was riding a bicycle in the dark, without a lamp, outside the travelled part of the highway, such facts will warrant the jury in determining that the plaintiff was not in the exercise of due care." This request was presented at the conclusion of the charge. In the charge the court had in-

structed the jury in a general way upon the question of due care of the plaintiff, and in substance had said to them, that if the plaintiff, although riding upon a bicycle, was using the degree of care which an ordinarily reasonable man would exercise under the circumstances including the degree of darkness, the rate of speed and the place where he was riding, then, so far as respected the question of due care, he was entitled to recover.

No exception was taken to this part of the charge, the only exception being to the refusal to give the request above named. Since this case was tried it has been decided by this court that a bicycle is not a carriage within the meaning of the term in Pub. Sts. c. 52, § 1. *Richardson* v. *Danvers*, 176 Mass. 413. The plaintiff was travelling upon a machine for whose use the town was not obliged to keep the road in repair under the last clause of that section. It is plain that a road might be entirely unsuitable for the use of the plaintiff while so travelling, and yet be reasonably safe for him on foot or in a carriage of the kind included within the terms of the statute. Whether and to what extent the reasonable use of travellers for which a road is to be kept in repair may call for consideration by the public authorities of persons riding on bicycles it is not now necessary to decide nor how far the fact that a traveller is riding upon a bicycle at the time of his injury may furnish ground for defence in an action of this kind. We have no doubt that the facts assumed in the defendant's request would have warranted a finding by the jury that the plaintiff was not in the exercise of due care, and that as an abstract proposition the request was correct.

But the refusal to give it affords no ground for an exception. The request seems only to single out certain circumstances and asks the court to rule upon their effect on the question of the due care of the plaintiff, apart from other circumstances bearing upon the same issue. By our well settled practice the court, especially at that stage of the trial, was not bound to do this.

*Exceptions overruled.*