## FRED C. RUST *vs.* INHABITANTS OF ESSEX.

Essex.   November 5, 1902. — November 25, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Way,* Defect in highway.

A road which is reasonably safe for travel of the ordinary kinds is not defective merely because it is not fit for use with bicycles.

A stone, consisting of the top of a ledge protruding through the surface of a country road, six inches high, ten inches wide and fifteen inches in length running with the road, not in the wheel track but near it, and with sixteen feet of unobstructed path on one side of it, cannot be found to be a defect in the highway.

TORT against the town of Essex for injuries alleged to have been caused by a defect in the highway running between that town and Ipswich while the plaintiff was travelling thereon upon a bicycle.   Writ dated October 14, 1899.

In the Superior Court *Bell* J. ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*A. P. White & G. H. W. Hayes,* for the plaintiff.

*H. P. Moulton,* (*F. C. Richardson* with him,) for the defendant.

BARKER, J.   We assume in favor of the plaintiff that although he drove his bicycle upon a stone which obviously projected above the surface of the road he might be found to have been in the exercise of ordinary care; and also that if the highway could have been found defective because of the presence of the stone, he might have recovered for his injuries notwithstanding the fact that he was riding upon a bicycle.

A stone which the plaintiff contends is the one which caused his upset was exhibited at the argument, and also a photograph of that part of the road in which the stone was.   The evidence tended to show that it was not a loose stone but the top of a ledge which underlaid the road bed, and that since the accident the protruding part exhibited in court had been removed.

The highway was a country road connecting the towns of Essex and Ipswich.   At the place in question the wrought way was about nineteen feet wide, leaving sixteen feet on one side of the stone free from any obstruction.   The stone was not in the wheel track but was near it.   It protruded to a height of

six inches, and was about ten inches in width across the road and fifteen in length with the road. It sloped up gradually as approached from Ipswich, from which place the plaintiff was travelling, and its opposite face was nearly or quite perpendicular.

It is settled that those charged with the care of public ways are not required to attempt to keep them so smooth that a bicycle can go over them with assured safety, and that a road which is reasonably safe for travel of the ordinary kinds is not defective merely because not fit for use with bicycles. *Richardson* v. *Danvers*, 176 Mass. 413. *Kenny* v. *Ipswich*, 178 Mass. 368.

We are of opinion that the presence in the wrought path of a country road of a single stone of the size and characteristics described, there being sixteen feet of unobstructed path on one side of the stone, and it not being in the usual wheel track, would not justify a finding that the way was defective. So placed, the stone would not be dangerous to travellers on foot, to equestrians, or to persons riding in ordinary vehicles. It is not the intention of the statute to require the removal of all such stones from the wrought way upon country roads.

*Exceptions overruled.*