LEVERETT W. SPRING vs. INHABITANTS OF WILLIAMSTOWN.

Berkshire.     September 13, 1904. — October 18, 1904.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Way*, Defect in highway. *Bicycle*. *Negligence*, Contributory.

A traveller on a bicycle may recover for an injury caused by a defect in a highway of such a character that the city or town would be liable for an injury caused by it to a traveller on foot or on horseback or in any vehicle of the usual kinds.

A near-sighted man wearing glasses, riding a bicycle without a lantern on a dark and rainy night, who undertakes to cross a bridge with which he long has been familiar, and which he has had an opportunity of knowing to be unguarded by a rail, without dismounting or slackening his speed, is not necessarily negligent in falling from the bridge into the stream below, and in an action against the town maintaining the bridge, alleging the lack of a guard rail as a defect in the highway, he may go to the jury on the question of his due care.

TORT for personal injuries alleged to have been caused by a defect in a highway of the defendant known as East Main Street, consisting of the lack of a railing on the southerly side of Walley Bridge. Writ dated October 26, 1899.

In the Superior Court the case was tried before *Hopkins*, J., who ordered a verdict for the defendant. The plaintiff alleged exceptions, which after the death of *Hopkins*, J. were allowed by *Lawton*, J.

*R. Spring*, for the plaintiff.
*J. C. Crosby*, for the defendant.

BARKER, J.  The action is for personal injuries sustained by a traveller riding on a bicycle, and the evidence tended to show that by reason of the lack of a guard rail on an approach of a bridge by which the way crossed a stream the traveller was thrown into the stream.  It was admitted that there was no guard rail on the approach.  The stream was some eleven feet below the floor of the bridge.  It is not contended on behalf of the defendant that the absence of a guard rail could not be found from the evidence to have been a defect in the way. Neither does the defendant contend in terms that the fact that the plaintiff was riding a bicycle precludes him from maintaining the action.  See *Richardson* v. *Danvers,* 176 Mass. 413 ; *Kenny* v. *Ipswich,* 178 Mass. 368 ; *Rust* v. *Essex,* 182 Mass. 313.  As the defect was one for which the town would be liable in damages to a traveller passing over the way on foot or on horseback or in any vehicle of the usual kinds, we think that the fact that the plaintiff was travelling on a bicycle did not of itself justify the ordering of a verdict for the defendant.

It was admitted that the road and bridge were part of a highway and there was no question that proper notice was given as required by the statute.  There was some dispute as to the exact place and manner of the accident, the defendant contending that the plaintiff ran into the end of the bridge structure and was thrown upon the road, but this plainly was a question for the jury.  Therefore unless the evidence would not justify a finding that the plaintiff was in the exercise of ordinary care the case should have been submitted to the jury.  The way was one with which the plaintiff long had been familiar, so that he had opportunity enough to know that there was no guard rail where the accident occurred.  He seems to have carried no light upon his bicycle, and the night was dark and rainy.  He was near-sighted and was wearing glasses.  For a time he had ridden behind a wagon which carried a lantern at its rear, but not long before arriving at the bridge he had passed the wagon and gone on in advance of it.  There was a street light not far from the bridge and another beyond it, but as he came near the bridge he went into a zone of darkness, and did not dismount or slow up until the accident occurred.  The street light upon the other side of the bridge had been moved from the north to the south

side of the road at some time before the accident, but it was not clear from the testimony that the position of that light had any effect upon the plaintiff in determining his course as he approached the bridge.

Upon all the evidence we think the question of the plaintiff's care or negligence was for the jury. The circumstances of the accident were not such as to make the plaintiff's knowledge, or opportunity for knowledge, of the absence of a guard rail conclusive evidence that he was negligent. The case is more analagous to *Kelly* v. *Blackstone*, 147 Mass. 448, and to *Norwood* v. *Somerville*, 159 Mass. 105, than to *Casey* v. *Fitchburg*, 162 Mass. 321. Nor was there any such lack of evidence as to the conduct of the plaintiff as was the case in *Wood* v. *Westport*, 185 Mass. 567. The darkness, the rain, the plaintiff's near-sightedness, his knowledge of the locality and his opportunity of knowing of the absence of the guard rail, in addition to the other circumstances disclosed by the evidence, made it a question of fact whether his conduct at the time was the reasonably prudent course of an ordinary man in like circumstances.

*Exceptions sustained.*