NETTIE M. BRINSON, a widow, *Plaintiff in Error*, vs. CITY OF MULBERRY, a Municipal Corporation, *Defendant in Error*.

139 So. 792.

En Banc.

Opinion filed February 17, 1932.

*Hampton & Bull* and *Lee J. Clyatt*, for Plaintiff in Error;

*Johnson, Bosarge & Allen*, for Defendant in Error.

BUFORD, C.J.—This was a suit against the City of Mulberry for damages alleged to have been sustained by the dangerous condition of a public street in said municipality. It appears from the record that there was a narrow paved

street in such municipality passing between two large and deep pits which had been excavated in the mining of phosphate and which had been left open and were, to some extent, filled with water. The street was paved a width of about 14 feet and had shoulders between two and three feet wide on each side and on the outside of each shoulder there had in some time past been constructed a wooden barrier for the protection of the public passing along said street; that this barrier had rotted and decayed and the plaintiff's decedent husband driving an automobile along said street in the night time, accompanied by the plaintiff, attempted to pass an automobile going in the opposite direction; that at the particular place where the decedent attempted to pass the automobile the street was rough and in such condition that when the plaintiff's decedent turned his automobile a short distance off the paved portion of the street the condition of the street caused him to lose, to some extent, control of his automobile, which scraped against the barrier, and the barrier being decayed and rotten, gave way and the automobile fell over into the pit of water where plaintiff's husband was drowned.

There were pleas of contributory negligence to which there was motion to strike, which motion was denied. The pleas were as follows:

"2nd: And for a second plea, this defendant says that the deceased contributed to his own injury, if any, in this, to-wit: That it was the duty of the deceased to observe the course and manner he was then and there driving over the streets of the City of Mulberry, taking ordinary care and caution; that notwithstanding such duty, he negligently and carelessly failed to use ordinary care and caution and by reason of such failure and negligence, produced the alleged injury, if any.

3rd: That the deceased, E. D. Brinson, so carelessly and negligently drove and ran his said automobile which he was then and there driving, and by reason of such careless and negligent manner, in which said deceased

drove, operated and ran said automobile, that the alleged injury was caused and contributed to by the deceased's own contributory negligence.

4th: That if said deceased was injured at the time and place alleged in said declaration, such injury was due to and caused by his own negligence, in this, to-wit: That he failed to use ordinary and due care and caution in attending to his own safety.''

It is too well settled in this State to require citation of authorities at this time that general averments of negligence in a declaration without specifying the particular act complained of will be sufficient and we find no good reason to hold that what would suffice in an allegation of negligence in a declaration should not also suffice as an allegation of contributory negligence in a plea and, therefore, we do not think the second and third pleas should have gone down on motion to strike. See Snyder vs. Rwy. Co., 75 No. 295; Carlisle vs. Keokuk N. Line Packet Co., 82 Mo. 40; Neir and wife vs. Missouri Pacific Rwy. Co., 1 S. W. #87; Chicago B. & Q. R. Co. vs. Oyster, 58 Neb. 1, 78 N. W. 359.

At the close of plaintiff's testimony, upon motion of the defendant, the Court instructed the jury to return a verdict in favor of defendant, which was done. To that judgment writ of error was taken. While the City is not ordinarily liable for failure to erect barriers along the street, it may be said as a general rule that wherever railings or barriers are necessary for the safety of travelers it is negligence not to construct and maintain them. Whether or not the necessity exists is a question for the jury to determine when considering all the facts in the case, as is also the question as to whether or not the barrier is sufficient. See Stockton Automobile Co. vs. Confer, 154 Cal. 402, 97 Pac. 881; Baker vs. Fall River, 187 Mass. 53, 72 N. E. 336; St. Paul vs. Kuley, 18 Minn. 154; Sutton vs. Snohomish, 11

Wash. 24, 39 Pac. 273, 48 Am. St. 847; Roberts vs. Eaton, 238 N. Y. 420, 144 N. E. 667, 36 A. L. R. 411.

It, therefore, appears that it was error for the Court to instruct a verdict for the defendant, for which reason the judgment should be reversed. It is so ordered.

Reversed.

WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.

BROWN, J. (Concurring specially).—I concur in the holding that the judgment of the court below should be reversed on account of the error committed by instructing a verdict for defendant. But I cannot concur fully in what is said in regard to the legal sufficiency of declarations and pleas of contributory negligence in actions for damages for injuries caused by negligence. We have held that a declaration is sufficient if it alleges the particular act or omission causing the injury, coupled with the averment that it was negligently done or omitted. And in McLeod Construction Company vs. Cooper, 134 So. 224 it was held that this liberal rule might be applied to pleas of contributory negligence. Under this rule, the second and third pleas were in my opinion *almost* good pleas. I concur that the court would have been in error in granting motion to strike these pleas, though they were probably subject to demurrer. But the fourth plea of contributory negligence was so vague and general as to aver merely a legal conclusion and I am inclined to the view that there was no error in striking same.