ERVIN, Justice
(dissenting).
Frank H. Mahr, plaintiff in this case in the Circuit Court for Manatee County, Florida, as petitioner seeks a writ of cer-tiorari from this Court to the District Court of Appeal, Second District. In the Circuit Court he was awarded a jury verdict for $15,000 for personal injuries and judgment was entered against General Telephone Company of Florida, Inc., the defendant in the Circuit Court and respondent here. The District Court of Appeal reversed the judgment. See General Tele *286 phone Company of Florida, Inc., v. Mahr, 153 So.2d 13. The case was argued here upon the questions of jurisdiction and the merits.
On the night of the accident resulting in personal injury to the plaintiff, defendant’s employees were about to repair an underground cable in a manhole at the main intersection of two important thoroughfares in the City of Bradenton. A motor power pump stood next to the open manhole pumping water therefrom. The defendant’s employees had placed around the manhole a portable metal pipe barricade three feet in height. Four signs, each with two red flags, were placed around and a few feet from the barricade, ’ marked “men working.” In front of each sign was a lighted open flame keroséne pot known as a flam-beau. A five-gallon -gasoline can used to fuel the pump was within the barricade near the pump. The can had a quantity of gasoline remaining in it after it had last been used to refuel the pump. At about 9:00 P.M. (the night was a rainy one) a never-identified motorist' crashed ' through the lighted flambeaux, warning signs and metal barricade, and struck the gasoline can. The can and a flambeau were catapulted several feet and came to rest together in the intersection. Gasoline escaping from a ruptured seam in the can was ignited by the flame of the flambeau and began burning.
No witnesses were present at the collision. The defendant’s employees were working at another manhole about a half block distant from the collision. They ran to the scene and attempted to extinguish the fire. Two policemen arrived and also attempted to extinguish the burning gasoline can. The plaintiff, a police sergeant of the City of Bradenton, was notified of the fire and came to the scene. Being apprehensive the gasoline can might explode, he warned the two other policemen to move away. Upon giving this-order,’'he turned to walk toward the curb when the gasoline can exploded with great violence, hurling the plaintiff to the sidewalk.
The opinion and decision of the District Court of Appeal appear in conflict with controlling legal principles enunciated by this Court in cases close enough aligned factually with this case to warrant our assumption of certiorari jurisdiction pursuant to Section 4, Article V, of the State Constitution, F.S.A.
The agreement of the District Court of Appeal with defendant’s contention that as a matter of law the barricade and warnings at the site of the defendant’s work installation where the injury occurred were adequate for public safety and free of negligence under the particular circumstances, thus rendering erroneous the submission of such matters to the jury, appears in conflict with controlling decisions of this Court. See Brinson v. City of Mulberry (1932), 104 Fla. 248, 139 So. 792; H. E. Wolfe Construction Co., Inc. v. Ellison (1937), 127 Fla. 808, 174 So. 594, and Florida Power and Light Co. v. Bridgeman (1938), 133 Fla. 195, 182 So. 911, text pages 921, 922 and 923. A comparison of the facts in the Bridgeman case with those of the instant case discloses a striking factual similarity. There the automobiles of third parties collided, knocking down the power company’s pole. An individual was found electrocuted by the fallen power line. The issues in the case involved whether the pole was rotten and unsafe and the electric company dilatory in not immediately turning off its current after notification that its line was down. There were no witnesses to the electrocution and an hour elapsed before the death of the individual was discovered. The power company contended the automobile collision caused the death,' and that the proximate cause of the accident was not its defective pole or because of its failure to turn off the electric current in time to avoid the electrocution. In the instant case, plaintiff charged the defendant was negligent in placing a can of gasoline in close proximity to the open unprotected flames of the flam-beaux, and in failing to adequately protect its work site. The defendant contended that the act of the unidentified motorist in crash *287 ing into the barricade was the proximate cause of the injury to plaintiff without contributing negligence on its part. We believe that similarly as in the Bridgeman case the factual issues in this case raised questions for the jury. The facts are not in substantial dispute. However, it is the traditional province of a jury to draw reasonable inferences from undisputed factual situations involving the issue of negligence, unless it clearly appears that all reasonable men would draw the same conclusion from the facts as to the proximate cause of the accident, in which event it involves a question of law and not a jury question.
In Finley P. Smith, Inc. v. Schectman, Fla.App.1961, 132 So.2d 460, it is said:
“It must of course be conceded that, as a general rule, the sufficiency of signals or barriers to give reasonable warning of or security against existing danger, especially with respect to their character, number, and arrangement, is a question of fact for the jury.”
The rule is stated in 23 Fla.Jur. 355, Negligence, § 13, as follows:
“The right of a party in a negligence action to have the jury pass on the question of liability becomes absolute where the facts are in dispute and the evidence is conflicting, or where the proof discloses such a state of facts, whether controverted or not, that, in determining the responsibility for the injury or damage, different minds may arrive reasonably at different conclusions or may disagree reasonably as to the inferences to be drawn from the facts. The inferences to be drawn from the evidence must be certain and incontrovertible to be decided by the Court; otherwise, they must be determined by the Jury.”
In 38 Am.Jur. 1051, Negligence, § 346, the text reads in part:
“ * * * Whether, under proper instruction, the standard of care which should have been exercised was exercised is a question of fact for the jury to determine from their knowledge of mankind and of how persons of reasonable prudence usually deport themselves in relation to their surroundings. * * ”
Turning to the second important phase of this case, we note the District Court of Appeal held:
“ * * * We further hold that as a matter of law appellant, by prudent human foresight, could not have been expected to anticipate that the injuries inflicted upon appellee by the means and under the circumstances revealed by this record would probably have occurred as a result of the can of gasoline being kept within the barricade and next to the motor which was regularly serviced therefrom.” (Emphasis supplied)
This statement conflicts in principle with Pinkerton-Hays Lumber Co. v. Pope, Fla., 127 So.2d 441, decided by this Court in 1961, where it is said:
“(1) The error into which the District Court fell was the subjective application of the objective test of foreseeability as pronounced in the Cone case. The language in question was intended to convey the notion that foreseeability depends in part on whether the type of negligent act involved in a particular case has so frequently previously resulted in the same type of injury or harm that ‘in the field of human experience’ the same type of result may be expected again. The test was not intended to, nor do we think it does, imply that a plaintiff, in order to recover in a negligence action, must prove that the particular causative act had frequently occurred before, and that it had frequently resulted in the same particular injury to the plaintiff. Yet this is the application which was given to the rule in the quoted portion of the District Court of Appeal’s opinion. Without resorting to extreme example, a moment’s reflection will bring to mind *288 many circumstances where the application of such rule would preclude recovery by a plaintiff, even though the injury might be readily foreseeable.”
In Railway Express Agency v. Brabham, Fla. 1952, 62 So.2d 713, this Court held that one cannot be held liable for injury to another unless “he could have foreseen not the extent of the injury or damage or the manner in which it occurred, but could have foreseen that some injury or damage to the person or property of another would reasonably be expected to ensue as a result of his action or conduct.”
In Western Union Telegraph Co. v. Taylor, et al. (1927), 94 Fla. 841, 114 So. 529, this Court states that liability arises where the person charged with negligence should “have foreseen that some injury would likely result * * * though it may not be the specific injury complained of.”
It appears to us that the District Court of Appeal misapplied in this case the foreseeability test as enunciated in the three cases cited just above by giving it subjective application within too narrow a range in saying the defendant could not have anticipated the injuries inflicted upon the plaintiff “ * * * by the means and under the circumstances revealed by this record * * * ” of the case.
To further illustrate the applicability of the foreseeability rule, we refer to Johnson v. Kosmos Portland Cement Co., 6 Cir., 64 F.2d 193, where lightning struck an accumulation of gases in a barge resulting in injuries and the Federal District Court held the required foreseeability present to render the defendant liable. The Court states it is “ * * * sufficient to impose liability upon it if a generally injurious result should have been foreseen as reasonably probable in the light of the attending circumstances.” (Emphasis supplied.) Further, the Federal District Court said: “Nor is reasonable expectation of injurious consequences to be determined by the fact that no similar injurious result has been known to follow a like wrongful act under identical attending circumstances. * * [w]e think the true rule to be that when the thing done produces immediate danger of injury, and is a substantial factor in bringing it about, it is not necessary that the author of it should have had in mind the particular means by which the potential force he has created might be vitalized into injury.” (Emphasis supplied.) The Florida cases appear to follow the rule more elaborately outlined in the Kosmos Portland Cement Co. Case.
We believe the District Court of Appeal misapplied the foreseeability rule because of its stated particularization of the specific means of negligence it believed the defendant could not anticipate. The test is whether from all the circumstances, not merely some of them, a generally injurious result should have been foreseen as reasonably probable. We also believe it lay in the province of the jury under the particular circumstances and issues of this case to determine whether there was that degree of contributing or concurring negligence upon the part of the defendant to render it liable, and implicit in such determination lies the answer concerning whether the defendant should have foreseen the possibility of some injury to someone.
For reference to other pertinent authorities in this regard, see Prosser on Torts, 1941 Ed., pages 352, 369, 370.
It appears to us that the basic issues in this case are closely aligned to and controlled by prior cases decided here where jury determinations were deemed necessary. It appears there were vital jury questions concerning, among others, whether the barricade and warning signs at the work installation were adequate public safety devices under conditions prevailing at the time of the accident and should have deterred a prudent and careful motorist from crashing into them; whether the failure of the defendant to have an attendant actually present at the work site during the events culminating in the accident, contributed to it; whether in not removing' *289 the gasoline can from close proximity to the lighted flambeaux in a busy street intersection on a rainy night amounted to negligence on the part of the defendant; and whether the action of the unknown driver in crashing through the barricade was the sole independent intervening efficient cause of the accident without any contribution or concurrence of negligence on the defendant’s part. Prior decisions of this Court indicate such questions are hardly ones upon which all reasonable minds would reach the same conclusions.
We believe conflict within the contemplation of Section 4, Article V, of the State Constitution, existed conferring certiorari jurisdiction upon this court, and would quash the decision of the District Court and remand the cause for further proceedings.
DREW, C. J, and ROBERTS, J, concur.