The TRAVELERS INSURANCE COM-
PANY, Appellant,

v.

Fortino MESTA, Appellee.

No. 14704.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 27, 1968.

Rehearing Denied Dec. 18, 1968.

———◆———

F. W. Baker, Matthews, Nowlin, Macfarlane & Barrett, San Antonio, for appellant.

Putman & Putman, San Antonio, for appellee.

KLINGEMAN, Justice.

This is a workmen's compensation case. Plaintiff, Fortino Mesta, was employed to do dishwashing and clean-up work at the Roswell Hotel in Del Rio, Texas. He was injured on April 22, 1961, in a flash explosion while pouring, or preparing to pour, gasoline from an open can into his automobile which was parked on a public street across from the hotel. Trial was to a jury who found that plaintiff sustained an injury on April 22, 1961, in the course of his employment with plaintiff's employer, the Roswell Hotel; that plaintiff's incapacity to work from such injury was total and permanent; that plaintiff had worked in the employment in which he was working for at least 210 days the year immediately preceding the date of his injury; that plaintiff's average weekly wage in such employment was $50.00; and that a just and fair weekly wage (to plaintiff and defendant) was $35.00. Defendant, The Travelers Insurance Company, the workmen's compensation carrier for the hotel, urged motions for instructed verdict and judgment non obstante veredicto, which were both denied, and judgment entered for plaintiff in a lump sum against defendant for 401 weekly payments of $30.00 each, together with accrued statutory interest, less statutory discount for such lump sum payment.

Defendant complains that there is no evidence to support the jury finding that plaintiff was injured in the course of his employment; that there was insufficient evidence, and that the finding of the jury is so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong. Defendant also asserts that the trial court erred in refusing its Requested Instruction No. 4 [1] and its Requested Instruction No. 5 [2] on travel and transportation in accordance with the provisions of Section 1b, Art. 8309, Vernon's Ann.Civ.St.[3]

1. "Instruction No. 4. Unless transportation is furnished as a part of the contract of employment or is paid for by the employer, or unless the means of such transportation are under the control of the employer, or unless the employee is directed in his employment to proceed from one place to another place, such transportation shall not be the basis for a claim that any injury occurring during the course of such transportation is sustained in the course of employment."

2. "Instruction No. 5. Travel by an employee in the furtherance of the affairs or business of his employer shall not be the basis for a claim that an injury occurring during the course of such travel is sustained in the course of employment, if said travel is also in furtherance of personal or private affairs of the employee, unless the trip to the place of occurrence of said injury would have been made even had there been no personal or private affairs of the employee to be furthered by said trip, and unless said trip would not have been made had there been no affairs or business of the employer to be furnished by said trip."

3. "Unless transportation is furnished as a part of the contract of employment or is paid for by the employer, or unless the means of such transportation are under the control of the employer, or unless the employee is directed in his employment to proceed from one place to another place, such transportation shall not be the basis for a claim that an injury occurring during the course of such transportation is sustained in the course of employment. Travel by an employee in the furtherance of the affairs or business of his employer shall not be the basis for a claim that an injury occurring during the course of such travel is sustained in the course of employment, if said travel is also in furtherance of personal or private af-

In support of these complaints, defendant contends that the evidence established that plaintiff was in travel at the time of his injury; that he was on a personal or private mission, either in whole or in part, at the time of his injuries; and that, in any event, the evidence raised an issue of a dual purpose to such travel. Plaintiff maintains that since he was not driving his car at the time of the injury he could not be engaged in travel and that the provisions of Art. 8309, § 1b, supra, are not applicable.

Plaintiff testified that during the course of his work at the hotel on April 22, 1961, he was instructed by Gustavo Perez, his immediate superior, to pick up some bananas, pecans and screws; that while Perez did not tell him to use his automobile to pick up such items, that he had used his car on previous occasions for such errands; that Perez told him he needed such supplies right away, so he had to use his car. This testimony was controverted by Perez, who testified that on the day of the accident he did not tell plaintiff to get any bananas, pecans or screws and did not send him on any type of errand that day. Plaintiff's wife testified that Perez came by the hospital after the accident to visit plaintiff and told her that he was very sorry that the accident happened because he had sent him to the store. Plaintiff stated that it was customary for him to run such errands during the workday, and Perez testified that he told an insurance adjuster that it was customary to send Mesta and other employees on errands when they needed supplies. Plaintiff stated that he was going to HEB grocery store to pick up the pecans and bananas and to Tim B. Hardware Co. for the screws. There is testimony that there is a grocery store and a lumber yard in the same block as the hotel, and that the HEB store is several blocks from the hotel and the Tim B. Hardware store is about nine blocks. Plaintiff testified that on some occasions he walked on such errands, but that it was customary for him to go to the HEB grocery store to get pecans and bananas and to Tim B. Hardware Co. to get hardware supplies. Plaintiff stated that when he drove his car to work on the morning of the accident he was low on gas and barely made it to the hotel, and that he knew he had to put gas in the car to get home that evening, and without making the errand he knew he was going to run out of gas.

The testimony as to how the accident happened is quite conflicting. Plaintiff testified that his brother, Hervey, who worked at the High Hat Restaurant, came by the hotel around 4:00 o'clock in the evening; that he knew he needed gasoline for his car and gave his brother an open fruit can to get some gas; that the burner on the boiler of the dishwasher went out and that he lighted such burner with a newspaper, having some difficulty in doing so; that at such time he was wearing his work apron which he always wore at work; that when his brother returned with the gas, plaintiff walked across the street to his car carrying the open fruit can with the gasoline, accompanied by his brother; that he opened the back door next to the gasoline tank spout to place the can in the car preparatory to pouring the gasoline in the gasoline tank; that at such time an explosion occurred which resulted in his burns and injury. He further testified that when he left the hotel after lighting the burner he smelled something burning and that he assumed a spark from his apron ignited the gasoline. He testified that his automobile was a 1949 Dodge, bluish-gray in color, and that his brother's car was a 1946 Dodge. Sgt. Gilmer, an eye witness to the accident, testified that on the occasion of the accident he was walking down the street adjoining the Roswell Hotel when he noticed a car which looked like a 1946 Dodge, a

fairs of the employee, unless the trip to the place of occurrence of said injury would have been made even had there been no personal or private affairs of the employee to be furthered by said trip, and unless said trip would not have been made had there been no affairs or business of the employer to be furthered by said trip."

dull color blue; that the hood of the car was up; that one man was in the car at the driver's seat and the other near the engine at the hood; that about this time he noticed a man with an apron on coming across the street from the Roswell Hotel; that this man was not carrying any can or container of any kind; that the open can was on the ground next to the car when he first saw it; that the man with the apron picked up the open fruit can and started pouring gas in the carburetor; that at such time another man was standing near the engine and another man was in the car trying to start it; that the car made a kind of a false start or backfire, and at such time the man with the apron on caught fire and started running across the street; that he and the other two men caught him and put out the flames.

■ We do not believe that the term "travel" or "transportation," as used in Art. 8309, § 1b, has any such restricted meaning as contended by plaintiff. Travel in its ordinary connotation means going from one place to another. See Thorndike Barnhart Comprehensive Desk Dictionary, New Revised Ed.; Words & Phrases, Vol. 42A, p. 8; 87 C.J.S. Travel pp. 907–908. To travel is to pass or make a journey from place to place, whether on foot, on horseback, or in any conveyance. Hendry v. Town of North Hampton, 72 N.H. 351, 56 A. 922, 64 L.R.A. 70.

Shelton v. Standard Insurance Company, 389 S.W.2d 290 (Tex.Sup.1965), is a workmen's compensation case where Shelton was struck by an automobile while crossing the street from the motel where he was staying in Dallas to a cafe for the purpose of obtaining something to eat. Master Corporation of Texas was moving its business from Wichita, Kansas, to Abilene, Texas. The company transferred its equipment in trucks leased from a rental company and Master had arranged for Shelton to drive a truck from Abilene to Wichita and return, paying him $40.00 per trip plus expenses. The trip required approximately 33 hours, and it was necessary to sleep and eat en route. Shelton was proceeding from Abilene to Wichita on a trip when the leased truck developed some trouble, and in Dallas he turned such truck into the rental company for a replacement, but his replacement truck was not available until the next morning. Shelton checked into a motel for the night and was injured while crossing the street from the motel to a cafe to get something to eat. Although this case clearly does not involve an injury in an automobile while it was being driven, it is noteworthy that the Supreme Court discusses both Sec. 1 and Sec. 1b of Article 8309, supra, stating that under the provisions of Sec. 1b travel in furtherance of both the business affairs of the employer and the personal affairs of the employee may not be the basis of a claim for compensation, unless the trip to the place of injury: "(1) would have been made even had there been no personal or private affairs of the employee to be furthered thereby; and (2) would not have been made had there been no affairs or business of the employer to be furthered by such trip."

■ In our opinion, whether or not plaintiff was engaged in the course of his employment when he was injured is controlled by Sections 1 and 1b of Article 8309. While the evidence is conflicting, there is sufficient evidence to support the jury's finding that plaintiff sustained an injury in the course of his employment under the definition given by the court.[4] However, the evidence raised a disputed issue as to whether plaintiff was on a purely personal or private mission or a mission for his employer at the time of his injury, and also raised the issue of dual purpose of furthering the affairs of the

---

4. "By the term 'sustained in the course of employment' is meant having to do with and originating in the work, business, trade or profession of the employer and while the employee is engaged in or about the furtherance of the affairs and business of his employer, whether upon the employer's premises or elsewhere."

business of his employer and of furthering the employee's personal or private affairs. Under the evidence the defendant was entitled to its requested instructions on transportation and travel, and the court committed prejudicial error in refusing to give such instructions. See Agricultural Insurance Co. v. Dryden, 398 S.W.2d 745 (Tex. Sup.1965), and Texas General Indemnity Company v. Bottom, 365 S.W.2d 350 (Tex. Sup.1963).

Defendant also asks that this case be reversed and rendered because there is no evidence, or insufficient evidence, that plaintiff worked in the same employment for 210 days, and the finding is against the weight of the evidence. The testimony showed that plaintiff was employed on April 22, 1961, at the Roswell Hotel, doing work in the kitchen, including dishwashing, mopping up floors, washing windows and other clean-up work; that in the year immediately preceding the accident he had worked at the High Hat Restaurant in Del Rio from April, 1960, to October or November, 1960, and from then on at the Roswell Hotel up to the time of the accident; that at the High Hat he did kitchen, utility and general clean-up work. Plaintiff testified that the work that he was doing was substantially the same type of work at both places. There is no requirement of the Workmen's Compensation Law that the work be identical in every respect, and there is ample evidence that the work at the High Hat was substantially the same type of work as at the Roswell, and the jury's answer is sufficiently supported by the evidence. The jury also found that a fair and just weekly wage (to plaintiff and defendant) was $35.00, and no complaint is made on this appeal as to such finding.

Since it is the opinion of this Court that this cause must be reversed and remanded for new trial, we do not deem it necessary to discuss defendant's other points of error which also seek a remand.

The judgment of the trial court is reversed and the cause remanded to the trial court for a new trial.