WAUSAU UNDERWRITERS
INSURANCE COMPANY,
Appellant,

v.

Kenneth POTTER, Appellee.

No. 09–89–206 CV.

Court of Appeals of Texas,
Beaumont.

March 21, 1991.

Rehearing Denied April 11, 1991.

Scott Tessmer, Mattingly & Marsh, Houston, for appellant.

Duane T. Corley, Corley & Hopkins, Conroe, for State appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

This is a workers' compensation case involving the issues of compensability, disability, wage rate and hardship. We adopt appellant's statement of the case.

Based upon the evidence admitted, instructions and special issues, the jury found that appellee had sustained a compensable injury, was totally and permanently incapacitated, and was entitled to the maximum allowable workers' compensation weekly benefit payable in a lump sum.

Appellant Wausau denied that appellee sustained an injury in the course and scope of employment while travelling the public highways. Appellant brings to this Court 12 points of error.

Factually, appellee, Kenneth Potter, was the job superintendent for Turner & Associates which was the general contractor on a Toys–R–Us job project in Baytown, Texas. A gentleman named John Kenyon was the project manager and appellee's superior on this particular job project.

Appellee's duties included supervising and coordinating the delivery of materials, supervising and coordinating sub-contractors as well as supervising the work of Turner's employees. As part of appellee's employment, he was provided with a company vehicle. Personal use of the company vehicle was permitted.

On June 5, 1986, appellee and two other Turner employees were preparing to leave the job site in appellee's company vehicle for the express purpose of eating lunch. It was uncontroverted that lunch time was an employee's own personal time. Turner employees could eat lunch on or off of the job site so long as they returned within the time periods permitted.

Potter admitted that he did not allow sandwich trucks on the job site and that he himself did not carry any bag lunch. Whenever Potter ate, he did so by leaving the job site. Potter admitted that he and two other Turner employees were sitting in his company truck preparing to go somewhere for lunch when Potter's project manager arrived on the job site. Potter testified that Kenyon told him to get in Kenyon's truck to go to lunch. He and Kenyon talked about the job en route to lunch. Potter admitted in answers to interrogatories that at the time of the accident, he was in route to lunch. Kenyon, Potter's project manager, testified that he could not recall one specific instance where he took a job superintendent out to lunch for the specific purpose of talking about the job project. Kenyon testified that when he arrived on the job site, he saw Potter and the two other Turner employees sitting in Potter's company vehicle. Kenyon asked Potter where he was going to which Potter responded that they were going to lunch. Kenyon asked if he could tag along to which Potter responded by throwing his

keys to one of the Turner employees and climbing into Kenyon's company vehicle.

The accident occurred while the Kenyon vehicle was in route to Wendy's. The accident took place on a public highway near the intersection of Garth Road and the I–10 feeder in Baytown, Texas. Kenyon's vehicle was rear-ended by a vehicle being operated by Barbara Epps. Immediately following the accident, Potter left Kenyon's company vehicle and entered Potter's own company vehicle which had been following the Kenyon vehicle. Potter proceeded to Wendy's to pick up their lunch before returning to the job site. Kenyon remained at the accident scene for the police to investigate same.

Appellee's Motion for Instructed Verdict on the issue of injury in the course of employment was denied by the trial court.

Appellant Wausau's Motion for Instructed Verdict based upon the issue of injury in the course of employment pursuant to art. 8309, § 1b was also denied by the trial court.

Appellant's instruction on injury in the course of employment based upon travel and transportation as governed by art. 8309, § 1b was denied by the trial court.

The trial court granted and submitted appellee's instruction as to the definition of injury in the course of employment over appellant's objection. Appellant contends that the granting and submission of appellee's instruction violated all pre-trial and amended orders.

■ The evidence is uncontroverted that the accident forming the basis of appellee's cause of action occurred while he was travelling in a company vehicle on a public highway. Generally speaking, an injury occurring in the use of the public streets or highways and going to and returning from one's place of employment is non-compensable. *Janak v. Texas Employers' Insurance Association*, 381 S.W.2d 176, 178 (Tex.1964). Texas adheres to the "coming and going" rule, under which an injury received while using the public streets and highways and going to or returning from a place of employment is not compensable.

*American General Insurance Company v. Coleman*, 157 Tex. 377, 303 S.W.2d 370 (Tex.1957).

The rationale behind this rule is that such an injury is suffered as a consequence of risk and hazards to which all members of the travelling public are subject, rather than risks and hazards relating to and originating in the work or business of the employer. *Texas General Indemnity Company v. Bottom*, 365 S.W.2d 350, 353 (Tex. 1963); *Smith v. Dallas County Hospital District*, 687 S.W.2d 69, 72 (Tex.App.—Dallas 1985, *writ ref'd n.r.e.*).

■ Benefits under the *Texas Workers' Compensation Act* are provided for injuries sustained in the course of employment. TEX.REV.CIV.STAT.ANN. art. 8306, § 3b (Vernon 1967). Under art. 8309, § 1, claimant must show that the injury was of a kind and character that had to do with and originated in his employer's work, business, trade or profession and was received while he was engaged in or about the furtherance of his employer's affairs or business. Where the injury occurs during travel for the dual purpose of furthering the affairs or business of the employer and of furthering the employee's private or personal affairs, art. 8309 § 1b provides a two prong test each part of which must be satisfied. *Janak, supra* at 179. Injuries occurring during trips in furtherance of such dual purposes shall not be deemed in the course of employment, unless the trip to the place of the occurrence of the injury would have been made even if there had been no personal or private affairs of the employee to be furthered by the trip, and unless the trip would not have been made except for the business purpose. TEX.REV.CIV.STAT.ANN. art. 8309 § 1b (Vernon 1967).

Article 8309, § 1b limits the definition of "injury sustained in the course of employment" with respect to injuries occurring during transportation or travel. In order to recover under Texas workers' compensation law, wherein transportation or travel is the basis of the claim for injury, a claimant must satisfy the requirements of art. 8309, § 1 and § 1b. *Janak, supra*.

■ The mere furnishing of transportation by an employer does not automatically bring the employee within the protection of the *Texas Workers' Compensation Act. Bottom, supra* and *United States Fire Insurance Company v. Eberstein,* 711 S.W.2d 355 (Tex.App.—Dallas 1986, *writ ref'd n.r.e.*). If this were not the law in this State, then each and every accident in a company vehicle, including those operated for purely personal reasons, would be compensable under the *Texas Workers' Compensation Act.*

Whether appellee was engaged in the course of his employment when he was injured, is controlled by § 1 and § 1b of art. 8309. There was some evidence that Potter was about to go to Wendy's for lunch before Kenyon arrived at the job site. Therefore, the "dual purpose issue" was raised by the evidence. We can presume that the trial court's denial of appellee's Motion for Instructed Verdict on the issue of injury in the course and scope of employment was a recognition by the trial court of the existence of a factual dispute. It appears to this Court that the trial court's denial of appellee's Motion for Instructed Verdict did in and of itself acknowledge the existence of the "dual purpose" issue.

■ Appellant's point of error number one contends that the trial court erred in refusing to give Wausau's instruction on injury in the course of employment based upon transportation and travel as set forth in art. 8309, § 1b. His second point of error urges the trial court erred in submitting the following instruction to the jury:

In connection with the foregoing question, you are instructed that the term "injury sustained in the course of his employment" is meant injuries of every kind and character having to do with, and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer, whether upon the employer's premises or elsewhere. Unless transportation is furnished as a part of the contract of employment, expressly or by implication, or is paid for by the employer, or unless the means of such transportation are under the control of the employer, or unless the employee is directed in his employment to proceed from one place to another place, such transportation shall not be the basis for a claim that an injury occurring during the course of such transportation is sustained in the course of employment. An employee need not have been engaged in the discharge of any specific duty incident to his employment; rather an employee in the course of his employment may perform acts of a personal nature that a person might reasonably do for his health and comfort, such as quenching thirst or relieving hunger; such acts are considered incidental to the employee's service and the injury sustained while doing so arise in the course and scope of his employment.

Appellant Wausau requested the following instruction:

"Injury in the course of employment" means any injury having to do with and originating in the work, business, trade or profession of the employer, received by an employee while engaged in or about the furtherance of the affairs or business of his employer, whether upon the employer's premises or elsewhere. Travel by an employee in the furtherance of the affairs or business of his employer shall not be the basis for a claim that an injury occurring during the course of such travel is sustained in the course of employment, if said travel is also in furtherance of personal or private affairs of the employee, unless the trip to the place of the occurrence of said injury would have been made even had there been no personal or private affairs of the employee to be furthered by the trip, and unless said trip would not have been made had there been no affairs or business of the employer to be furthered by said trip.

We find the trial court's instruction to the jury to be tantamount to an instructed verdict in favor of appellee and against appellant on injury in the course and scope of employment. In reading appellee's requested instruction which was given by the trial court, and in light of all the evidence, we cannot perceive how a jury could have

answered the question on course and scope in any manner other than an affirmative answer.

Appellee tells us that the very last sentence of the court's given instruction comes from an instruction used in the case of *Yeldell v. Holiday Hills Retirement & Nursing Center, Inc.*, 701 S.W.2d 243 (Tex. 1985). The *Yeldell* case dealt with an on-premises injury or incident. The *Yeldell* case had nothing whatsoever to do with an injury sustained while travelling on the public highway or streets. We believe that the court's instruction absolutely foreclosed any possibility for the jury to consider a dual purpose question. The trial court erred in submitting this instruction.

The requested instruction made by appellant is directly in tune with the "dual purpose" doctrine as set forth in art. 8309, § 1b and *Johnson v. Pacific Employers' Indemnity Company*, 439 S.W.2d 824 (Tex.1969).

We hold that the trial court's submission of appellee's requested instruction and refusal to submit appellant's requested instruction was reasonably calculated and probably did cause the rendition of an improper judgment. We so strongly believe that such instruction was improper as to see no reason to address appellant's other points of error, except those which allege legal insufficiency of the evidence. Appellant's first and second points of error are, therefore, sustained.

■ Appellant's points of error numbers four and five urge that the trial court erred in denying appellant's Motion for Instructed Verdict and Motion for Judgment Notwithstanding the Verdict. These points of error apparently are meant to attack the sufficiency of the evidence to justify submitting the case to the jury in the first place. Appellant argues that appellee "would not have satisfied the dual purpose test of art. 8309 sec. 1b." Yet elsewhere in his joint argument of the points of error concerning the court's charge and the sufficiency of the evidence, appellant asserts that "the evidence clearly raised the disputed issue of whether [appellee] was on a purely personal and private mission, or on a mission for his employer at the time of his injury." In order to sustain these points of error, we must find that there was no evidence of the essential fact in question. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965). Appellant's statement that the issue of the nature of the purpose of the trip was clearly raised by the evidence is unequivocal and unconditional. Under the standard by which the validity of no evidence points must be judged, the statement also defeats any right appellant may have to a reversal upon the basis of such points. Under TEX.R.APP.PROC. 74(f) we may, and do accept this statement to be true. Therefore, we hold that appellant has waived points of error numbers four and five and overrule these points.

Appellant's seventh point of error urges that there was no evidence or insufficient evidence to support the jury's finding that appellee's injury was suffered in the course of his employment. This point of error seems to attack the sufficiency of the evidence to support the jury's answer in light of the charge the trial court actually gave. As we have previously stated, the charge actually given, in light of the state of the evidence, virtually insured that any rational jury would answer the question in the affirmative. Therefore, it cannot be said that the evidence was legally or factually insufficient to support the jury's answer to the question they were actually asked. Appellant's seventh point of error is overruled.

We believe after a close review of the record that there was sufficient evidence requiring the submission of appellant's requested instruction on injury in the course of employment pursuant to art. 8309, § 1b and we hold that the failure of the trial court to submit such instruction constituted prejudicial error. *Travelers Insurance Company v. Mesta*, 435 S.W.2d 228 (Tex. Civ.App.—San Antonio 1968, *aff'd n.r.e.*, 438 S.W.2d 905 (Tex.1969, *per curiam*).

For reasons stated, we hereby reverse the trial court's judgment and remand this case in its entirety for a new trial.

REVERSED AND REMANDED.